IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL L. REUTER,

  Plaintiff,

vs.          Case No. 10-2250-JTM

VILLAGE SHALOM, INC., and
ARAMARK SENIOR LIVING SERVICES, L.L.C.

  Defendants.

MEMORANDUM AND ORDER

  Plaintiff Crystal Reuter has brought claims of employment discrimination against her former employer, Village Shalom and against Aramark. This matter is before the court on Aramark's motion to dismiss. Aramark argues that the matter should be dismissed since the EEOC charge submitted by Reuter fails to name it as a potentially responsible party. Alternatively, Aramark seeks a more definite statement pursuant to Fed.R.Civ.Pr. 12(e) "regarding where and against whom she filed her administrative EEOC and/or Kanas Human Rights Commission ('KHRC') charges." (Dkt. 8, at 2).

  The parties agree that exhaustion of remedies is a prerequisite to suit under Title VII. (Dkt. 8, at 4; Dkt. 16, at 2). The requirement "serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation" *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). Reuter stresses that the failure to explicitly name a defendant in an EEOC Complaint "does

not automatically mandate dismissal of a subsequent action under Title VII." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). In *Romero*, the court noted that an action may proceed against a party not formally named in an EEOC charge "where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." The court identified four factors as relevant for the determination of whether the failure to name a party is fatal to the subsequent action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1312 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)). Reuter also emphasizes the *Romero* court's observation that EEOC complaints are generally liberally contrued to accomplish the remedial goals of Title VII.

Reuter stresses that her narrative "Attachment of charge of Crystal L. Reuter" (a) specifically mentions Aramark, (b) states that she "was told that I would be transferred to Aramark and would be able to keep my position," and (c) that Aramark hired a male employee to fill my position after Village Shalom refused to transfer me and discouraged Aramark from hiring me." (Exh. at 2).

On the other hand, under the form heading of "EMPLOYER ... WHO DISCRIMINATED AGAINST ME," Reuter listed only "Village Shalom, Inc." The attachment twice states that "Village Shalom was concerned about [her] ability" to perform her job after she became pregnant. The

attachment also states that it was "Village Shalom [which] decided that I was not entitled to severance pay."

The plaintiff's argument ignores the general observation by the Tenth Circuit in *Romero* that the four "identity of interest" factors from *Glus* are used not in the abstract, but to determine whether the relationship between named and unnamed defendants was so close that the unnamed defendant may, consistent with the intent of Title VII, be deemed to "have notice of the charge and the EEOC have an opportunity to attempt reconciliation." *Id.* And Reuter fails to note that the "identity of interest" exception recognized in *Glus* was one of a few *"narrow exceptions* to the strict requirement that each defendant must have been specifically named as the respondent in the EEOC charge." *Romero*, 615 F.2d at 1311 (emphasis added). As this court has noted, the rule requiring naming of defendants must be enforced lest "the 'narrow exceptions' ... swallow up the general rule." *Harris v. First Nat. Bank*, 680 F.Supp. 1489, 1495 (D. Kan. 1987).

In *Harris*, the court noted plaintiff was represented by counsel at the time of the EEOC charge, but "[m]oreover," that

> the plaintiff was not unfamiliar with the officers, chain of command and operation of the Bank. She listed other officers as respondents. She could have listed Nation Meyer. He was not an obscure party to plaintiff whose role could not be ascertained at the time of the EEOC complaint. Although the interests of all defendants in an employment discrimination case are usually similar, the court cannot say that the interests of defendant Meyer are so similar to those of the other respondents that it would be unnecessary to list him as a party for the purposes of EEOC proceedings. Assuming that the interests of Meyer and the persons named in the EEOC charge *are* similar, however, it does not appear that Meyer had an opportunity to conciliate this dispute through the EEOC or that the EEOC contacted him or investigated his role in the asserted violations. Hence, defendant Meyer may have suffered some prejudice from the failure of plaintiff to name him in the EEOC charge. At the very least, the purpose of the administrative proceedings was thwarted.

*Id.* at 1495-96 (emphasis in *Harris*).

Here, Reuter was obviously familiar with the role of Aramark in the proposed outsourcing,

but she chose to not list the company as an employer or respondent. Aramark was deprived of any opportunity to meaningfully participate in the EEOC investigation and reconciliation process. There is no indication that Aramark led Reuter to believe its interests were represented through Village Shalom. While the factual statement appended to the EEOC charge mentions Aramark, it does so in the course of portraying Aramark as a separate company, and alleging that discriminatory decisions thwarting the transfer were made by Village Shalom. A reasonable company in the position of Aramark would not have concluded from the EEOC charge that it was the target of alleged wrongdoing. Accordingly, the court finds that the case does not fall within the "narrow exceptions" recognized for the general rule requiring that defendants be explicitly named as respondents in a prior EEOC charge.

IT IS ACCORDINGLY ORDERED this 20th day of August, 2010, that the defendant's Motion to Dismiss (Dkt. 7) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE